IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | | |
|---|---|---|
| KARLA WESTJOHN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 8:21-cv-00252-SMB |
| | ) | |
| SELDIN COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS**

COMES NOW Defendant Seldin Company, by and through its counsel of record, and hereby submits this Reply Brief in Support of Defendant's Motion to Dismiss. In her Complaint, Plaintiff raises thirteen causes of action. The following claims however, fail to state a claim upon which relief can be granted: (III) Violation of the Americans with Disabilities Act-Inaccessible Package Delivery; (IV) Violation of the Americans with Disabilities Act-Inaccessible Premises Entry; (V) Violation of the Fair Housing Act-Inaccessible Package Delivery; (VI) Violation of the Fair Housing Act-Inaccessible Premises Entry; (XI) Breach of Contract-Inaccessible Package Delivery; (XII) Breach of Contract-Inaccessible Premises Entry; (XIII) False Imprisonment.

**A. Plaintiff asserts new factual allegations that are not contained within her Complaint, and as such should not be considered by this Court.**

Dismissal for failure to state a claim upon which relief can be granted is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Handeen v. Lemaire*, 112 F.3d 1330, 1347 (8th Cir. 1997). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 886, 870 (8th Cir. 2008). This Court must construe the Complaint liberally *and assume all factual allegations contained with the*

Complaint are true. *WMX. Techs., Inc. v. Gasconade Cnty., Mo.*, 105 F.3d 1195, 1198 (8th Cir. 1997) (emphasis added). "Materials outside the pleadings offered for such contradictory or supplementary purposes may not be considered." *Dunnigan v. Fed. Home Loan Mortg. Corp.*, 184 F. Supp. 3d 726, 734 (D. Minn. 2016) (citing *Wieland v. U.S. Dep't of Health and Hum. Servs.*, 793 F.3d 949, 953 (8th Cir. 2015)); *see, Johnson v. Casey Gen. Stores, Inc.*, 116 F. Supp. 3d 944, 947 (W.D. Mo. 2015) ("In analyzing the pending Motion to Dismiss, this Court will not venture beyond Plaintiff's Complaint.") Throughout her Brief in Opposition, Plaintiff asserts additional alleged facts that extend well beyond what was contained in her Complaint. For instance, Plaintiff discusses her religious preferences and asks the court to infer she has ties to the area (Doc. 11 p.3), matters which are not pled in the operative complaint. This Court should not consider these new facts in determining whether Plaintiff has adequately stated a claim upon which relief can be granted for the purposes of the motion to dismiss.

    **B. Plaintiff lacks standing to seek injunctive and declaratory relief under the Americans with Disabilities Act, and therefore, Count III and Count IV must be dismissed.**

Injunctive relief is the only private relief available in a case arising under Title III of the Americans with Disabilities Act ("ADA"). *Hilleshieim v. Holiday Stationstores, Inc.*, 953 F.3d 1059, 1062 (8th Cir. 2020) (citing *Stebbins v. Legal Aid of Ark.*, 512 Fed. Appx. 662, 663 (8th Cir. 2013). To establish standing, Plaintiff must demonstrate a real and immediate threat that she would again suffer similar injury in the future. *Tracie Park v. Forest Serv. of the U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-05 (1992).

In her response, Plaintiff asserts for the first time that standing exists in the instant case, because Plaintiff is a practicing Catholic and prefers to worship under the Traditional Latin Mass, and that her new parish in Illinois does not practice in accordance with the Traditional Latin Mass and thus Plaintiff has an incentive to return to Omaha for religious reasons. (Doc. 11, p. 3).

However, such factual assertions are not properly before this Court, and thus, the court should not consider them. *Dunnigan*, 184 F. Supp. 3d at 734; *Johnson*, 116 F. Supp. 3d at 947. In limiting itself to the pleaded facts, this Court should conclude that Plaintiff failed to adequately plead facts that indicate Plaintiff's alleged injuries are "likely to recur" as set forth in *Brown v. Grand Island Mall Holdings, Ltd.*, 2010 U.S. Dist. LEXIS 10695 (D. Neb. Feb. 8, 2010), because Plaintiff moved from Omaha, Nebraska to Champaign, Illinois, and failed to plead she intends to return to Ontario Place. (Doc. 1 pp. 7, 25, 26).

Plaintiff also relies on *Steger v. Franco*, 228 F.3d 889 (8th Cir. 2000) to assert that she has standing to raise claims for violations of the ADA under the deterrent effect doctrine. However, the Eighth Circuit "has not adopted the deterrent effect doctrine and declines to do so." *Davis v. Anthony*, 886 F.3d 674, 678 (8th Cir. 2018). Furthermore, even under the deterrent effect doctrine, the plaintiff must show: that the alleged discriminatory treatment will continue and *that he or she intends to return to the public accommodation. Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008); *Camarillo v. Carrols Corp.*, 518 F.3d 153 (2nd Cir. 2008); *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011). Because Plaintiff has failed to plead she intends to return to Ontario Place, Plaintiff lacks standing to raise claims for violations of the ADA. Therefore, Count III and IV should be dismissed for lack of standing.

**C. Counts III and IV fail to state a claim upon which relief can be granted because a residential facility is not a public accommodation as defined by the ADA.**

Alternatively, if Plaintiff has standing to raise claims for violations of the ADA, Plaintiff's claims still fail as a matter of law because Ontario Place is not a place of public accommodation as defined by the ADA. Plaintiff relies on her pleading that "Defendant facilitated a service which permitted interstate commerce." (Doc. 11, p. 5, citing Doc. 1, pp.16, 17 ¶¶ 28, 47). However, to establish a prima facie case of discrimination under Title III of the ADA, Plaintiff must

3

demonstrate: (1) she is disabled as defined by the ADA; (2) Ontario Place is a "place of public accommodation" as defined by the ADA; and (3) Ontario Place discriminated against her because of her disability. *See Argenyi v. Creighton Univ.*, 703 F.3d 441, 447 (8th Cir. 2013). The key test is whether Ontario Place falls within the statutory definition of "place of public accommodation." Generally, residential facilities are not considered places of public accommodation. *Regents v. Rep. Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3rd Cir. 2006). However, those portions of Ontario Place that are open indiscriminately to the general public are considered places of accommodation. *Moore v. Equity Residential Mgmt., LLC*, No. 16-cv-07204-MEJ, 2017 U.S. Dist. LEXIS 32621, *8 (N.D. Cal. Mar. 7, 2017); *see Phibbs v. Am. Prop. Mgmt.*, 2008 U.S. Dist. LEXIS 21879 (D. Utah 2008).

In *Phibbs,* a plaintiff raised a claim of discrimination under the ADA against an apartment complex because the plaintiff experienced problems accessing his assigned parking space because other tenants or visitors would park in it. *Phibbs*, 2008 U.S. Dist. LEXIS 21879 at *1. The Court discussed the interplay of the ADA and the Federal Housing Act describing a hotel that had a dedicated wing to long-term residents and short-term lodging customers. *Id*. at *7. The Court relied on legislative history to find that the nonresidential portions of the hotel would be governed by the ADA, but the residential portions of the hotel would be governed by the FHA. *Id*. (citing 101st Cong., 2d Sess. quoted in 1990 U.S.C.C.A.N. 303, 383). The Court found that the assigned parking spaces were not places of public accommodation because they were residential in nature. *Id*. at *8.

In *No Barriers, Inc. v. BRH Tex. GP, L.L.C.*, 2001 U.S. Dist. LEXIS 15504, No. 3:01-CV-344-R (N.D. Tex. Aug. 2. 2002), the Court held that a leasing office constituted a "retail establishment" within the meaning of 42 U.S.C. § 12181(7)(E), but the rest of the building was

4

exempt from Title III because they were residential in nature. The Department of Justice opined that:

> The ADA does not apply to strictly residential facilities. Assuming your housing complex is strictly residential and would not be considered a social service center establishment, whether the ADA applies to the clubhouse *depends on who is entitled to use the clubhouse*. If activities in a clubhouse within a residential complex are intended for *the exclusive use of residents and their guests*, the facility is considered an amenity of the housing development. It would not be considered a place of public accommodation subject to the accessibility requirements of the ADA.

(Sep. 11, 1992) (emphasis added). [1]

Additionally, In *Moore v. Equity Residential Mgmt., LLC*, No. 16-cv-07201-MEJ, 2017 U.S. Dist. LEXIS 32621, *8 (N.D. Cal. Mar. 7, 2017), the Court determined that whether a facility is a public accommodation under the ADA turns on whether the facility is open "indiscriminately to other members of the general public." The Court noted that "'public' portions of apartment complexes that are not commercial spaces are not necessarily places of public accommodation." *Id*. at *9 (citing *Coronado v. Cobbleston Vill. Comm. Rentals*, 163 Cal. App. 4th 831, 835 (2008) (path from apartment to parking area not public accommodation).

In Count III, Plaintiff raises a claim for a violation of the Americans with Disabilities Act pertaining to inaccessible package delivery. Specifically, Plaintiff alleges that upon receiving a package:

> one received notification via E-mail or text message that a package has been delivered to the complex office. The message *includes an entry code* and the number of the locker where the item is stored. The recipient must then go to the complex office, *enter the code on a touchscreen* at the office or on a smartphone containing the app, and retrieve the item or items from the now-open locker.

---

[1] As the agency directed by Congress to issue implementing regulations, render technical assistance, and enforce Title III, the Justice Department's views are entitled to deference. *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998).

(Doc. 1, p. 4 ¶ 8) (emphasis added). Additionally, in Count IV, Plaintiff alleges Defendant violated the ADA regarding inaccessible entry to the clubhouse, fitness center, and pool, but those portions of the complex are also not subject to the ADA because they are not available to the general public but are instead amenities afforded only to Defendant's tenants. Therefore, because the package delivery room, clubhouse, pool, and fitness center were not open to members of the general public and were residential in nature, these facilities are not public accommodations as defined by the ADA.

    **D. Plaintiff fails to state a claim upon which relief can be granted in Count V-Violation of the Fair Housing Act-Inaccessible Package Delivery and Count VI-Violation of the Fair Housing Act-Inaccessible Premises Entry.**

Plaintiff concedes that 42 U.S.C. § 3605(a) does not apply to the instant case, and therefore, Defendant need not reply.

    **E. Plaintiff fails to state a claim upon which relief can be granted in Count XI-Breach of Contract-Inaccessible Package Delivery and Count XII-Breach of Contract-Inaccessible Premises Entry.**

Plaintiff asserts that she effectively states a claim for breach of contract on the theory that Defendant's adoption of the Rently Key system and Parcel Pending violated the covenant of quiet enjoyment. Notably, in her Brief in Opposition, Plaintiff fails to cite any caselaw that extends the covenant of quiet enjoyment to include package delivery. Furthermore, Plaintiff acknowledged in her Complaint that Plaintiff and Defendant never contemplated the manner in which packages would be delivered. (Doc. 1, p. 23, ¶ 30).

To successfully state a claim for breach of contract, a "plaintiff must plead the *existence of a promise*, its breach, and compliance with conditions precedent that activate the defendant's duty." *Kotrous v. Zerbe*, 846 N.W.2d 122, 126 (Neb. 2014). Because Defendant never promised

to deliver packages in a specified manner, Defendant cannot have breached a contract pertaining to package delivery. Therefore, Plaintiff's claims for breach of contract must fail.

### F. Plaintiff fails to state a claim upon which relief can be granted in Count XIII-False Imprisonment.

In her Brief in Opposition, Plaintiff states no caselaw demonstrating that she has pled the necessary facts to establish a claim for false imprisonment or any caselaw that has extended the tort of false imprisonment on similar facts. (Doc. 11, p. 6-7). Because Plaintiff has not pled she was actually confined to her apartment, and, in fact, alleges that she could leave her apartment, her claim fails as a matter of law.

### G. Plaintiff Seeks Remedies Not Authorized by Law.

Plaintiff's claims that seek remedies, which are not authorized by law should be dismissed.

#### 1. Injunctive and Declaratory Relief

As addressed previously in Section B, Plaintiff lacks standing to seek injunctive and declaratory relief. Plaintiff seeks declaratory and/or injunctive relief under Counts I, II, III, IV, V, VI, VII, VIII, IX, and X, but because Plaintiff lacks standing to seek injunctive and declaratory relief, this Court must dismiss any portion of a claim seeking injunctive and/or declaratory relief because the Court lacks subject matter jurisdiction to afford injunctive relief. *Malone v. Kantner*, 2015 U.S. Dist. LEXIS 116909 (D. Neb. Sept. 2, 2015) (citing Fed. R. of Civ. P. 12(h)(3)); *see Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding a plaintiff lacked standing to seek declaratory relief but had standing to seek monetary damages).

#### 2. Punitive Damages

Plaintiff cites no authority in Brief in Opposition that supports her claim that punitive damages are viable remedies for either breach of contract or false imprisonment. Therefore, Defendant stands on its prior submission.

3. **Attorney's Fees**

Plaintiff finally asserts she has a good faith basis for overruling decades of precedent because she "has extensive, specialize knowledge which is relevant to the case," and would spend an inordinate amount of time educating sighted lawyers on the law. Defendant again points out that Plaintiff has not cited a single authority to support Plaintiff's contention that she is entitled to attorney fees.

## CONCLUSION

Plaintiff fails to state a claim upon which relief can be granted in that Plaintiff failed to sufficiently plead the necessary elements for her claims of discrimination under the ADA, fair housing violations pertaining to inaccessible package delivery, fair housing violations pertaining to inaccessible premises entry, breach of contract pertaining to inaccessible package delivery, breach of contract pertaining to inaccessible premises entry, and false imprisonment. Further, Plaintiff seeks relief which is unauthorized by law. Therefore, Defendant request this Court dismiss those claims for failure to state a claim upon which relief can be granted.

Respectfully submitted,

MORROW WILLNAUER CHURCH, LLC

By: /s/ *Julie A. Jorgensen*
   JULIE A. JORGENSEN
   1299 Farnam, Suite 900
   Omaha, NE 68102
   Telephone: (402) 934-0100
   Facsimile: (402) 330-1425
   jjorgensen@mwcattorneys.com

*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Rule 7.1(d)(3) of the United States District Court for the District of Nebraska, I HEREBY CERTIFY that this Brief in Support of Defendant's Motion to Dismiss contains 2,568 words, which complies with Civil Rule 7.1(1)(A) of the United States District Court for the District of Nebraska.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 22nd day of September, 2021 the above and foregoing was filed with the Clerk of the Court using the electronic filing system which serves a copy via electronic mail to:

>Karla A. Westjohn
>kawstjhn@comcast.net
>
>*PLAINTIFF, pro se*

>*/s/ Julie A. Jorgensen*
>ATTORNEY FOR DEFENDANT