IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARLA ANN WESTJOHN,<br><br>     Plaintiff,<br><br> vs.<br><br>SELDIN CO.,<br><br>     Defendant. | **8:21CV252**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Seldin Co.'s ("Seldin") motion to dismiss for failure to state a claim and to strike portions of the plaintiff's amended complaint, Filing No. 23, and on Seldin's motion to strike the plaintiff's brief, Filing No. 36.[1] This is a *pro se* action for civil rights violations brought by a blind plaintiff based on conditions in an apartment complex owned and/or operated by the defendant.[2] The plaintiff alleges she was unable to receive packages and unable to access her apartment. The plaintiff asserts jurisdiction based on a federal question under 28 U.S.C. § 1331.

I. BACKGROUND

In her 99-page First Amended Complaint, the plaintiff, a former tenant of defendant Seldin, alleges inaccessible package delivery and inaccessible entry to her premises. Filing No. 22, First Amended Complaint. She asserts claims for violations of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq.*, the Fair Housing Act, 42 U.S.C. § 3605, the Nebraska Fair

---

[1] The plaintiff was granted leave to file her reply brief out to time, so the defendant's motion to strike based on timeliness will be denied. *See* Filing No. 34, text order. The defendant's request to strike allegations as improper for other reasons is rendered moot in light of the Court's disposition in this matter.
[2] The plaintiff identifies herself as proceeding *pro se*, but alleges she is an attorney. Filing No. 22, First Amended Complaint.

1

Housing Act, Neb. Rev. Stat. § 20-313 *et seq.* and the Nebraska Civil Rights Act, 20 Neb. Rev. Stat. § 20-127, and she also asserts state law claims for breach of contract and false imprisonment.

The plaintiff alleges that Seldin is a real estate company that owns thousands of apartment complexes in eight states, including Ontario Place in Omaha. Filing No. 22, First Amended Complaint at 3. She alleges that she is blind and moved into an apartment at Ontario Place in 2008. *Id.* She challenges defendant Seldin's use of Parcel Pending delivery service for packages beginning in 2020, and its implementation of Rently Keyless, a touchscreen keyless entry system, in 2021. *Id.* at 4–7, 17–18, 21. She contends she has been unable to register for the Parcel Pending service because it is inaccessible to screen readers. *Id.* at 4–5. She states that she suffered delayed delivery of packages. *Id.* at 8. Further, she alleges she is unable to register for and utilize the Rently Keyless computer application to gain entry to her apartment and has been locked out.[3] *Id.* at 17, 19. She states she would have been required to undergo the expense and aggravation of purchasing an iPhone and learning to use the Voice Over app to access the system. *Id.* at 17–19. She further alleges she could have suffered frostbite and loss of fingers and toes if she were locked out in winter. *Id.* at 21.

Westjohn states that Seldin did not discuss the Rently Keyless system with the her and the lease does not mention it. *Id.* at 88. She alleges that as a result of the

---

[3] She alleges that she feared she would be locked out all night and would have suffered frostbite if that had happened. *Id.* at 20–21. She outlines the potential consequences of a frostbite injury—including loss of fingers and toes and resulting inability to read braille and to perform the functions of daily living as a blind single or multiple amputee. *Id.*

2

installation of a new system, it was more difficult for her to gain entry to her building. *Id.* at 74. She does not allege that she was confined to her apartment.[4]

She also states she moved out of Ontario Place on March 13, 2021. *Id.* at 8, 22, 80. She currently resides at in Champaign, Illinois. *Id.* at 1. She acknowledges that she declined to renew her lease in 2021. *Id.* at 80, 81. She states she intends to return to Omaha because she does not intend to lose touch with friends, plans to attend legal conferences, remains in touch with members of her traditional Catholic parish, and plans to return for worship. *Id.* at 8–9, 22–23. She does not allege that she intends to return to Omaha to live or to move back to Ontario Place.

Seldin moves to dismiss Westjohn's ADA claims for lack of standing under Federal Rule of Civil Procedure 12(b)(1), and to dismiss the remaining claims, as well as the ADA claim, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). It argues that the plaintiff lacks standing because she alleges on the face of her First Amended Complaint that she no longer resides at the subject apartment complex.

Further, Seldin argues Westjohn fails to state claims for which relief can be granted. It contends that that the apartment complex, its package delivery system, and access to the fitness room, pool, and clubhouse, are not public accommodations so as to come withing the purview of the ADA's public accommodation clauses. Seldin also argues that the plaintiff has not alleged the breach of any promise so as to state a claim for breach of contract and fails to allege any confinement in order to state a claim for

---

[4] She alleges, however, that she feared leaving her home in a period of Arctic cold in February 2021. *Id.* at 21. The First Amended Complaint also contains numerous rambling and repetitive pages of allegations of lack of access to legal resources that have no apparent connection to defendant Seldin. *Id.* at 25-26, 33-36, 58-74. Also, the plaintiff discusses extensively and relies on an action against Uber involving a blind customer which has no relevance to the issues at hand. *Id.* at 27, 34, 41.

false imprisonment. Further, Seldin contends that Westjohn cannot recover punitive damages for any violation of the state law claims and argues that Westjohn's prayer for punitive damages must be stricken.

II.   LAW

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction." Id.[5] "Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) (*quoting* Osborn v. U.S., 918 F.2d 724, 729 (8th Cir. 1990)).

If a plaintiff lacks standing, the district court has no subject matter jurisdiction. Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). "A dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction." Dalton v. NPC Int'l, Inc., 932 F.3d 693, 696 (8th Cir. 2019). Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation. Delorme v. United States, 354 F.3d 810, 815 (8th Cir. 2004).

The Constitution limits federal courts to deciding "Cases" and "Controversies."

---

[5] In a factual attack on the jurisdictional allegations of the complaint, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to resolve the factual dispute. Osborn, 918 F.2d at 730. In such a challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id.

4

Art. III, § 2; *see also Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (stating that to qualify as a case or controversy, a case must "embody a genuine, live dispute between adverse parties."). That limitation requires a plaintiff to have standing. *Carney*, 141 S. Ct. at 498. The plaintiff has the burden of proving that jurisdiction does in fact exist. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

The requisite elements of Article III standing are well established: A plaintiff must show (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992); *see also Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). A threat of injury must be both real and immediate not conjectural and hypothetical. *Bellecourt,* 994 F.2d at 430 (*quoting Osborn.* 918 F.2d at 729. A plaintiff's "'some day' intentions--without any description of concrete plans, or indeed even any specification of when the some day will be -- do not support a finding of the 'actual or imminent injury' that our cases require." *Lujan*, 504 U.S. at 564 (1992). Also, a statutory violation, absent concrete injury, does not confer standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *accord TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (observing that "an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law").

In addition to meeting Article III standing requirements, the prudential limits of the standing doctrine require that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third

5

parties." *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Prudential standing jurisprudence "represents a 'healthy concern that if the claim is brought by someone other than one at whom the constitutional protection is aimed,' the courts might be called upon 'to decide abstract questions'" and to render advisory opinions. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004).

The equitable remedy of injunctive relief "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again. . . ." *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Tracie Park v. Forest Serv. of the United States*, 205 F.3d 1034, 1037 (8th Cir. 2000) (finding that to satisfy the "injury-in-fact" requirement of standing, a plaintiff must demonstrate a real and immediate threat that he or she would again suffer a similar injury in the future).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 695 (8th Cir. 2019) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *see also Prowse v. Payne*, 984 F.3d 700, 702 (8th Cir. 2021) (a case is moot when changed circumstances eliminate the need for court action). A case is considered moot "[w]hen, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief.'" *Young Am.'s Found. v. Kaler*, 14 F.4th 879, 886 (8th Cir. 2021) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (*en banc*)); *see, e.g., Martin*

6

*v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is transferred to another facility and is no longer subject to those conditions). Because mootness relates to justiciability and the Court's power to hear a case, the Court must consider it even when the parties have not raised it. *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (deeming moot an action seeking declaratory relief where the challenged practice was no longer in effect and cautioning against advisory opinions).

III. DISCUSSION

The Court finds the defendant's motion to dismiss the plaintiff's ADA claims for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) should be granted. The Court raises the issue of jurisdiction and mootness on its own motion with respect to the plaintiff's other claims. The Court finds it lacks jurisdiction to address the plaintiff's claims because the action is moot.

The plaintiff has not satisfied her burden to establish that this Court has jurisdiction over her claims. The plaintiff's First Amended Complaint shows on its face that this action is moot. The plaintiff affirmatively alleges that she no longer lives at the subject apartment complex. Vague allegations that she may someday return to Omaha do not suffice to supply the necessary element of "imminent future harm" to convey standing. The allegation that Seldin owns apartment complexes in other states is not enough to confer jurisdiction absent an allegation that the plaintiff lives or intends to live in any of those complexes. Furthermore, Westjohn may not pursue the claims on behalf of unnamed others who might suffer the same alleged injuries.

7

Because the plaintiff has moved to another state and is no longer living at Ontario Place, there is no genuine, "live" dispute between the parties. The plaintiff's changed circumstances have eliminated the need for court action in this matter. The Court can no longer grant effective relief to the plaintiff for alleged disability discrimination inflicted by defendant Seldin at the Ontario Place complex.

Though she catalogues a litany of grievances, the plaintiff has failed to allege concrete and particularized injuries. The amended complaint contains no allegations to support an award of compensatory or punitive damages. The injuries she allegedly suffered are speculative and conjectural. Westjohn's alleged injuries cannot be redressed by this court. Though the Court is sympathetic to Westjohn's concerns, the action has been mooted by her relocation to another state.[6] Accordingly,

---

[6] Though the court need not address the issue, the Court notes for the record that it would also find that Westjohn's claims are subject to dismissal for failure to state a claim. "To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff satisfies the plausibility requirement when [s]he 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Alleruzzo v. SuperValu, Inc. (In re SuperValu, Inc.)*, 925 F.3d 955, 962 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

The plaintiff has failed to state a claim under the ADA. To establish a prima facie case of discrimination under Title III of the ADA, a plaintiff must demonstrate: (1) she is disabled as defined by the ADA; (2) the defendant's property is a "place of public accommodation" as defined by the ADA; and (3) the defendant discriminated against her because of her disability. *See Argenyi v. Creighton Univ.*, 703 F.3d 441, 447 (8th Cir. 2013). The plaintiff has not sufficiently alleged that the subject property is a place of public accommodation so as to come within the ADA.

A place of residence is exempted from the coverage of the ADA. The ADA defines public accommodation in relevant part as "an inn hotel, motel, or other place of lodging . . . ." 42 U.S.C. § 12181(7)(A). "Other place of lodging" does not include residential facilities. *Mercersburg Coll. v. Rep. Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3rd Cir. 2006); *see* H.R. Rep. No. 101-485(II), at 100 (1990) (clarifying that "[o]nly nonresidential facilities are covered by this title."). Certain areas of an apartment complex may qualify as places of public accommodation, however. *Moore v. Equity Residential Management, LLC*, No. 16-cv-07201-MEJ, 2017 WL 897391, at *3 (N.D. Cal. Mar. 7, 2017). "Whether a facility is a public accommodation under the ADA turns on whether the facility is open 'indiscriminately to other members of the general public.'" *Id.* (quoting *Jankey v. Twentieth Cent. Fox Film Corp.*, 14 F. Supp. 2d 1174, 1178 (C.D. Cal 1998)). The plaintiff alleges facts that show the package room, fitness center, clubhouse, pool, and other portions of the complex were not places of public accommodation as defined

IT IS ORDERED

1.  The defendant's motion to strike (Filing No. 36) is denied as moot.

2.  The defendant's motion to dismiss (Filing No. 23) is granted.

3.  This action is dismissed for lack of jurisdiction; a judgment will be entered.

Dated this 31st day of May, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

by the ADA. Her allegations show that the common areas of the apartment complex are not open indiscriminately to the general public.

Also, she fails to state a claim under the Fair Housing Act. Though the Fair Housing Act prohibits discrimination in residential real estate transactions, a "residential real estate-related transaction" is defined as: "(1) The making or purchasing of loans or providing other financial assistance— (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by real estate. (2) The selling, brokering, or appraising or real property." 42 U.S.C. § 3605(b). The conduct at issue herein does not fall within those categories.

The plaintiff's state law claims for breach of contract and false imprisonment would also be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). To successfully state a claim for breach of contract under Nebraska law, a "plaintiff must plead the existence of a promise, its breach, and compliance with conditions precedent that activate the defendant's duty." *Kotrous v. Zerbe*, 846 N.W.2d 122, 126 (Neb. 2014). In Nebraska, "[f]alse imprisonment consists of the unlawful restraint against his [or her] will of an individual's personal liberty." *Cimino v. Rosen*, 225 N.W.2d 567, 569 (Neb. 1975). "Any intentional conduct that results in the placing of a person in a position he cannot exercise his will in going where he may lawfully go, may constitute false imprisonment." *Dangberg v. Sears, Roebuck & Co.*, 252 N.W.2d 168, 171 (Neb. 1977).

The plaintiff alleges that the parties never contemplated nor reached an agreement regarding the use of both Parcel Pending and Rently Keyless when they were negotiating a lease. She does not allege any promise that the defendant has allegedly broken. The facts pled do not support any intentional act of confinement imposed upon the Plaintiff. Westjohn has pleaded facts that show she was free to exit her apartment. Accordingly, if the Court were to reach the issue, it would grant the defendant's motion to dismiss for failure to state a claim.